**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL HOLT, et al.,** | : | **CIVIL ACTION NO. 1:06-CV-0018** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **FIRST HORIZON HOME LOAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is a motion of First Horizon Home Loan, doing business as MNC Mortgage and FT Mortgage (collectively "First Horizon"), to dismiss the claims asserted against them by plaintiffs Gary and Julie Mooney ("the Mooneys").[1]  First Horizon argues that the Mooneys released all claims against the company by executing a "mutual release and hold harmless agreement."  (See Doc. 10, Ex. B.)  For the reasons that follow, the motion will be granted in part and denied in part.

**I.    Statement of Facts**[2]

The Mooneys allege that First Horizon conspired with real estate developers, appraisers, and brokers to con them into purchasing a home for an inflated price

---

[1] First Horizon also seeks the dismissal of the claims of plaintiffs Michael and Victoria Holt ("the Holts").  The Holts concur in the dismissal of their claims against First Horizon.  (Doc. 9 at 1.)  Accordingly, the court will grant defendants' motion to dismiss with respect to these claims without further discussion.

[2] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint.  See infra Part II.  The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

that was well beyond their financial means.  (See Doc. 1 ¶¶ 1-2, 40, 61.)  Specifically, the Mooneys allege that First Horizon:  (1) "failed to follow their usual and customary underwriting guidelines and due diligence procedures" to determine if the Mooneys could afford their monthly mortgage payment, and (2) failed to confirm whether the Mooneys met certain equity requirements established by the Federal Housing Administration ("FHA") and the United States Department of Housing and Urban Development ("HUD").  (See id. ¶¶ 50, 57-58.)

On August 30, 2001, First Horizon issued the Mooneys a home loan in the amount of $127,900, which the Mooneys allege was "far in excess of market value." (Id. ¶¶ 72, 106.)  Sometime thereafter, the Mooneys allege that they were approached by Dean McGee ("McGee"), a First Horizon employee, who told them that First Horizon "knew nothing about the fraud that [had been] committed" and asked them to release their claims against First Horizon in exchange for a reduction in their loan amount.  (Id. ¶ 118.)  On October 8, 2002, the Mooneys executed the requested "mutual release and hold harmless agreement," which purported to release First Horizon from liability on "any and all claims, demands, and/or liabilities arising out of the loan transaction" between the Mooneys and First

Horizon.[3]  (Doc. 10, Ex. B at 3.)  In exchange, the Mooneys were to receive a free

reappraisal of their property and a corresponding reduction of their loan balance

and interest rate.  (Doc. 10, Ex. B at 1-2.)  On November 19, 2002, First Horizon

reduced the balance owed on the Mooneys' loan by $91,000 in compliance with the

terms of the release.  (Doc. 1 ¶ 115.)

On January 4, 2006, plaintiffs filed the instant action, in which the Mooneys

challenge the enforceability of the release.  Specifically, the Mooneys claim that

several First Horizon employees were "fully aware of the frauds being committed"

and that McGee's statement to the contrary constituted fraud in the inducement.

(Id. ¶ 118.)  First Horizon filed the instant motion to dismiss, arguing that this

court's decision to grant summary judgment in favor of First Horizon in the related

case of Gertsen v. First Horizon Home Loan Corporation mandates dismissal of the

---

[3] The Mooneys argue that the court cannot consider the language of the
release in deciding First Horizon's motion to dismiss because the release is not a
part of the pleadings in the instant case.  (Doc. 14 at 6);  see also infra Part II.
However, documents that "the defendant attaches to the motion to dismiss *are
considered part of the pleadings if they are referred to in the plaintiff's complaint and
are central to the claim.*"  Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560
(3d Cir. 2002) (emphasis in original).  Here, the Mooneys referred to the release in
their complaint (Doc. 1 ¶¶ 115, 118), and the validity of the release is central to their
claims against First Horizon.  Accordingly, the court will consider the language of
the release in deciding the instant motion.

Mooneys' claims against First Horizon in the instant action.[4]  The motion has been

fully briefed and is ripe for disposition.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims

that fail to assert a basis upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).

In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as

true all of the factual allegations in the complaint and all reasonable inferences that

can be drawn therefrom.  <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d

Cir. 2000) (citing <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court

is generally limited in its review to the face of the complaint, it "may also consider

---

[4] In <u>Gertsen</u>, the court granted summary judgment in favor of First Horizon
with respect to the claims of all plaintiffs who had executed written releases.  (Civil
Action No. 1:04-CV-1779, Doc. 255.)  In response to plaintiffs' fraud in the
inducement argument, the court stated:

> First Horizon did not misrepresent a material fact or breach a duty to
> disclose a material fact regarding the underlying loan transactions but, to the
> contrary, admitted in the draft agreement that the appraisals "may not have
> been performed properly" and had been the subject of inquiries by the Office
> of Housing and Urban Development, thus defeating any assertion of fraud in
> the inducement.

(<u>Id.</u>)  First Horizon made the same admissions in the instant case (<u>see</u> Doc. 10, Ex. 2
at 1).  However, the facts underlying the Mooneys' claim of fraud in the inducement
differ from those alleged by the plaintiffs in <u>Gertsen</u>.  (<u>Compare</u> Doc. 1 ¶ 118, <u>with</u>
Civil Action No. 1:04-CV-1779, Doc. 207 at 16-17.)  In addition, the procedural
posture of the instant case differs from that in <u>Gertsen</u>, which granted judgment in
favor of First Horizon only after the parties had been afforded a full and fair
opportunity to develop their claims through discovery.  Finding that the Mooneys
are entitled to the same opportunity to fully develop their claims, the court declines
to extend its holding in <u>Gertsen</u> to this case at this juncture.

matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.   Discussion**[5]

To state a claim of fraud in the inducement, the plaintiff must allege that: (1) the defendant made "a representation," (2) the representation was "material to

---

[5] The parties do not dispute that Pennsylvania law governs interpretation of the validity and scope of the release. See, e.g., G.R. Sponaugle & Sons, Inc. v. Hunt Constr. Group, Inc., 366 F. Supp. 2d 236, 242-43 (M.D. Pa. 2004).

the transaction at hand," (3) the representation was "made falsely, with knowledge of its falsity or recklessness as to whether it [was] true or false," (4) the representation was made "with the intent of misleading another into relying on it," (5) the plaintiff justifiably relied on the representation, and (6) the plaintiff's injury was "proximately caused by the reliance." Eigen v. Textron Lycoming Reciprocating Engine Div., 874 A.2d 1179, 1185 (Pa. Super. Ct. 2005).  A written release is not binding where "the party seeking to use the release to avoid claims has actively and knowingly concealed from the other party information regarding potential claims covered by the release." Haymond, Napoli Diamond, P.C. v. Haymond, No. Civ.A. 02-721, 2004 WL 2030134, at *19 (E.D. Pa. Sept. 8, 2004) (citing Jenkins v. Peoples Cab Co., 220 A.2d 669 (Pa. 1966)).

In the instant case, the Mooneys allege that McGee represented to them that First Horizon "knew nothing about the fraud that [had been] committed." (Doc. 1 ¶ 118.)  The Mooneys further allege that McGee's statement was "an intentional fraud and misrepresentation of facts material to the release, as bank personnel . . . were fully aware of the frauds being committed." (Id.)  Finally, the Mooneys allege that they signed the release "in reliance" upon McGee's statement and were injured as a result. (Id. ¶¶ 117-118.)  In the restricted posture of a Rule 12(b)(6) motion, the court finds that these allegations are sufficient to establish the First Horizon fraudulently induced the Mooneys into executing the release by concealing information regarding potential claims that were foreclosed by the release. See Haymond, 2004 WL 2030134, at *19.  Whether the Mooneys can present evidence to

6

support these assertions is a matter better suited for resolution in the context of summary judgment.  Accordingly, First Horizon's motion to dismiss the Mooneys' claims will be denied.

An appropriate order will issue.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       March 20, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL HOLT, et al.,** | : | **CIVIL ACTION NO. 1:06-CV-0018** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **FIRST HORIZON HOME LOAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 20th day of March, 2007, upon consideration of the motion to dismiss (Doc. 9) of First Horizon Home Loan, doing business as MNC Mortgage and FT Mortgage, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion to dismiss (Doc. 9) is GRANTED in part and DENIED in part as follows:

1. The motion to dismiss (Doc. 9) is GRANTED with respect to the claims of Michael Holt and Victoria Holt against First Horizon Home Loan.

2. The motion to dismiss (Doc. 9) is otherwise DENIED.

            S/ Christopher C. Conner
            CHRISTOPHER C. CONNER
            United States District Judge